JS 44 (Rev. 12/07)(CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

LIONSGATE, a Califomia corporation

## DEFENDANTS

LOUISA BREAUD, an individual; CAURELANE, S.A.R.L., DOES 1-10

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
MARIN COUNTY

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SHARTSIS FRIESE, LLP FRANCE
1 MARITIME PLAZA, 18th FLR.
SAN FRANCISCO, CA 94111
415-421-6500

Attorneys (If Known)

E-filing

MEJ

ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☒ 2 | U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and one Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | Transferred from ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | Appeal to District ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332(a)(2)

Brief description of cause:
Breach of Conrract, Misappropriation of Trade Secret

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE". NONE

IF ANY

## DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY) ☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

SIGNATURE OF ATTORNEY OF RECORD

12/3/10

FILED

DEC - 3 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  SHARTSIS FRIESE LLP
   RICHARD F. MUNZINGER (Bar #217902)
2  rmunzinger@sflaw.com
   One Maritime Plaza, Eighteenth Floor
3  San Francisco, CA 94111
   Telephone: (415) 421-6500
4  Facsimile: (415) 421-2922

5  Attorneys for Plaintiff
   LIONSGATE

E-filing

UNITED STATES DISTRICT COURT

**MEJ**

NORTHERN DISTRICT OF CALIFORNIA

**CV10 5519**

LIONSGATE, a California corporation,

Case No.

            Plaintiff,

v.

LOUISA BREAUD, an individual;
CAURELANE, S.A.R.L.; DOES 1-10,

            Defendants.

**COMPLAINT FOR:**

**(1) Fraudulent Inducement;**

**(2) Breach of Contract – Specific Performance;**

**(3) Breach of Contract – Failure of Consideration;**

**(4) Breach of Implied Covenant of Good Faith and Fair Dealing;**

**(5) Money Had and Received;**

**(6) Misappropriation of Trade Secrets;**

**(7) Conversion;**

**(8) Declaratory Relief.**

## THE PARTIES

1.      Plaintiff Lionsgate corporation is a corporation organized and operating under the laws of the State of California, with its principal place of business in Tiburon, California.

2.      Defendant Caurelane, is a S.A.R.L. organized and operating under the laws of France.

- 1 -

7929\002\1688065.1

3.     Defendant Louisa Breaud is an individual residing in France.

4.     Lionsgate is ignorant of the true names and capacities of defendants DOES 1-10, inclusive, and therefore sue these defendants by those fictitious names. Lionsgate will amend this complaint to allege defendants DOES 1-10's true names and capacities when ascertained.

5.     On information and belief, Defendants at all times acted as agents on each other's behalf and for each other's benefit. Moreover on information and belief, Defendant Breaud and Defendant Caurelane are and were at all relevant times alter egos of each other, such that it would be unjust and unfair to uphold the corporate veil under the circumstances. Accordingly, Breaud and Caurelane are jointly and severally liable for each other's acts and omissions.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000, and Plaintiff is a citizen of California while Defendant is a citizen of France.

7.     Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## COMMON ALLEGATIONS

8.     On or about September 1, 2009, Breaud called Elisabeth Thieriot, the CEO of Lionsgate Corporation, at Lionsgate's principal office in Tiburon, California. Breaud informed Thieriot that she had seen Thieriot on. Breaud stated that she was a professional botanist and herbologist, who previously worked for Channel, a renowned skin care and perfume manufacturer, and that she wanted to work for Lionsgate to develop new skin care products. Breaud stated that with Lionsgate backing and resources she could create skin care products based on new and unique formulas not currently known within the industry. Breaud further represented that she had unique sources for herbal ingredients she could provide to Lionsgate. Finally, Breaud represented that she had a list of customers who had already expressed substantial interest in purchasing skin care products based on such herbal ingredients and that she would provide this customer list to Lionsgate.

-2-

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1    9.    Thieriot and Breaud had follow-up conversations between September 1, 2009 and
2    December 2, 2010 in which Breaud repeated her representations.

3    10.    Based on Breaud's representations, Lionsgate engaged Breaud, through an oral
4    agreement, on or about July 1, 2010, to create formulas for skin care products, to locate and
5    obtain the herbal ingredients for such formulas, to create skin care products from the formulas
6    and to provide Lionsgate with the list of customers who had expressed interest.. In exchange,
7    Lionsgate agreed to pay Breaud a salary and her expenses incurred working for Lionsgate. The
8    parties expressly agreed that Lionsgate would own all information and materials relation got the
9    herbal ingredients, including the sources, the processes for extraction and the customer lists. The
10    relationship between Lionsgate and Breaud constituted an employment relationship.

11    11.    Between July 1, 2010 and December 2, 2010, Lionsgate paid Breaud a salary of
12    $4,000 a month, and also paid purported work-related travel and expenses totaling approximately
13    $250,000.

14    12.    On or about December 2, 2010, in the midst of negotiations to reduce the terms of
15    Breaud's employment to writing, Breaud stated that she no longer wished to work for Lionsgate
16    and was terminating the relationship.

17    13.    Although Lionsgate attempted to negotiate with Breaud regarding the terms of her
18    resignation, the parties were not able to reach an agreement on such terms.

19    14.    Upon learning of Breaud's resignation, Lionsgate requested that Breaud provide
20    Lionsgate with all formulas, information and other intellectual property, as well as all physical
21    products, created by Breaud in the course of her work for Lionsgate, and also requested that
22    Breaud execute an agreement memorializing Lionsgate's exclusive ownership of such assets.
23    Breaud, however, refused to provide the intellectual property and physical assets and refused to
24    execute the proposed agreement.

25                          **CAUSES OF ACTION**

26                       **FIRST CAUSE OF ACTION**
                         **(Fraudulent Inducement)**
27
28    15.    Plaintiff hereby incorporates paragraphs 1 through 14 as though fully set forth

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 3 -

1  herein.

2      16.    As set forth herein, Breaud made material representations of fact to Lionsgate to

3  induce it to enter into an oral employment agreement with Breaud and to induce Lionsgate to pay

4  Breaud a salary and pay for her travel and expenses. Breaud's representations were false, and she

5  knew they were false when she made them.

6      17.    Lionsgate was unaware that Breaud's representations were false and could not

7  have discovered their falsity through the exercise of reasonable care.

8      18.    Lionsgate justifiably relied on Breaud's misrepresentations by, among other

9  things, entering into the agreement with her described herein and paying her approximately

10  $250,000, and spending further funds in an amount according to proof to support and promote the

11  line of products that were to be created pursuant to the parties' agreement. Lionsgate would not

12  have taken these actions but for Breaud's misrepresentations.

13      19.    As a direct and proximate result of Breaud's conduct, Lionsgate has suffered

14  damages in an amount according to proof, which it seeks to recover. In the alternative, Lionsgate

15  seeks to rescind its agreement with Breaud as well as restitution of the amounts paid to her under

16  that agreement.

17      20.    Breaud's conduct was at all times willful, wanton, oppressive and taken with the

18  intent to defraud, so Plaintiff is entitled to an award of punitive damages.

19      WHEREFOR, Plaintiff seeks relief as set forth below.

20                          **SECOND CAUSE OF ACTION**
                        **(Breach of Contract – Specific Performance)**
21
22      21.    Plaintiff hereby incorporates paragraphs 1 through 20 as though fully set forth

23  herein.

24      22.    As set forth above, for good and valuable consideration, the parties executed an

25  oral agreement whereby Breaud agreed to work for Lionsgate to locate unique herbal ingredients

26  and use them to create unique formulas for skin care products, and to provide Lionsgate with

27  unique lists for the sources of these ingredients as well as a unique list of customers who had

28  already expressed substantial interest to Breaud as to purchasing skin care products made with

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 4 -

1    such ingredients.

2           23.    Lionsgate has performed all promises and covenants and fulfilled all conditions

3    required of it by the parties' agreement, except those that have been prevented or excused.

4           24.    Breaud has breached the parties' agreement by, among other things, refusing to

5    give Lionsgate the trade secret information she developed while working for Lionsgate, including

6    the list of herbal ingredients, the sources for those ingredients, the formulas for extracting the

7    ingredients from plants and the specific time for extracting for each ingredient based on the

8    unique lifecycle of the plant from which the ingredient is extracted. Breaud also breached the

9    agreement by refusing to provide Lionsgate with the unique list of customers who had expressed

10    interest in purchasing skin care products based on the herbal ingredients.

11           25.    Lionsgate has suffered damages as a direct and proximate result of Breaud's

12    breaches, but Lionsgate has no adequate remedy at law here in that no monetary payment can

13    give Lionsgate the benefit of its bargain, which included receiving unique consideration from

14    Breaud, including formulas for and other information regarding herbal ingredients for skin care

15    products, a list of the of unique sources for such ingredients, and a list of customers who had

16    already expressed substantial interest in purchasing skin care products made from such

17    ingredients. Accordingly, Lionsgate seeks specific performance of its agreement with Breaud,

18    including Breaud providing Lionsgate with the unique consideration described above. Lionsgate

19    also seeks to recover the monetary damages it has suffered as a result of Breaud's breaches.

20           WHEREFOR, Plaintiff seeks relief as set forth below.

21

                                      **THIRD CAUSE OF ACTION**

22                    **(Breach of Contract – Failure of Consideration)**

23           26.    Plaintiff hereby incorporates paragraphs 1 through 25 as though fully set forth

    herein.
24

25           27.    In the alternative, if the court does not award specific performance as requested

    above, then Lionsgate seeks to rescind the agreement with Breaud based on a total failure of
26

    consideration, and seeks restitution for all amounts paid under the agreement as well as all
27

28    damages incurred by Lionsgate as a direct and proximate result of Breaud's conduct.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 5 -

1    WHEREFOR, Plaintiff seeks relief as set forth below.

2    **FOURTH CAUSE OF ACTION**
     **(Breach of Implied Covenant of Good Faith and Fair Dealing)**
3

4        28.    Plaintiff hereby incorporates paragraphs 1 through 27 as though fully set forth

5    herein.

6        29.    The oral agreement between the parties includes an implied covenant of good faith

7    and fair dealing, pursuant to which each party agreed not to take any action to deprive the other

8    party of the benefits of its bargain.  Breaud has breached the implied covenant through the

9    conduct set forth herein.

10       30.    As a direct and proximate result of Breaud's breaches, Lionsgate has suffered

11   damages in an amount according to proof.

12       31.    Breaud's conduct as set forth herein was at all times willful, wanton, oppressive

13   and undertaken with the intent to defraud and thus justifies punitive damages.

         WHEREFOR, Plaintiff seeks relief as set forth below.
14

15   **FIFTH CAUSE OF ACTION**
     **(Money Had and Received)**

16       32.    Plaintiff hereby incorporates paragraphs 1 through 31 as though fully set forth

17   herein.

18       33.    As set forth herein, Lionsgate provided Breaud with approximately $250,000 to be

19   used for the benefit of Lionsgate.  Breaud did not spend such funds for the benefit of Lionsgate,

20   and despite Lionsgate's request that Breaud return such funds, Breaud has failed and refused to

21   do so.

22       WHEREFOR, Plaintiff seeks relief as set forth below.

23   **SIXTH CAUSE OF ACTION**
     **(Misappropriation of Trade Secrets)**
24

25       34.    Plaintiff hereby incorporates paragraphs 1 through 33 as though fully set forth

26   herein.

27       35.    As a term of her work for Lionsgate, Breaud created trade secrets, including

28   information relating to certain herbal ingredients that can be used to achieve particular results in

- 6 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1    skin care products, where and how to extract such ingredients, and how to incorporate such

2    ingredients into commercial skin care products.    Pursuant to the parties' agreement and

3    controlling law, all such trade secrets created in the course of Breaud's work for Lionsgate (and

4    using Lionsgate resources) are the exclusive property of Lionsgate.

5         36.    Breaud also agreed that in return for Lionsgate paying her salary and funding her

6    work, Breaud transferred ownership of existing trade secrets developed and maintained as

7    confidential by Breaud, including but not limited to confidential lists of the sources for the herbal

8    ingredients and of customers who had stated that would purchase large quantities of skin care

9    products developed using such ingredients.

10        37.    In addition to the trade secrets she developed on behalf of Lionsgate and assigned

11   to it, Breaud also, during the course of her employment, came into contact with other trade secrets

12   developed and owned by Lionsgate without Breaud's involvement, including but not limited to

13   the formulas for commercial skin care products previously developed by Lionsgate.

14        38.    All of the trade secrets described above have economic value in that their use

15   allows for the creation and sale of unique skin care products that achieve unique results, for which

16   consumers are willing to substantial prices. Plaintiff took reasonable steps to ensure that all of its

17   trade secrets remained confidential, including limiting disclosure of the trade secrets to employees

18   of Lionsgate and requiring Breaud to orally agree that she would keep all such trade secrets

19   confidential and that she would only use such trade secrets at the direction of Lionsgate and for its

20   benefit.

21        39.    On or about December 3, 2010, Breaud  terminated and repudiated her agreement

22   with Lionsgate. Although Lionsgate demanded that Breaud return all of Lionsgate's trade secrets

23   and all documents containing such trade secrets, Breaud has failed and refused to do so and has

24   retained possession of Lionsgates' trade secrets.    In so doing, Breaud has misappropriated

25   Lionsgates' trade secrets.   Breaud has threatened to use Lionsgates' trade secrets for her own

26   benefit or to sell them to Lionsgates' competitors.

27        40.    As a direct and proximate result of Breaud's misappropriations, Lionsgate has

28   suffered actual damages in an amount according to proof, in excess of the jurisdictional

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 7 -

7929\002\1688065.1

1    minimum.  As a further direct and proximate result of Breaud's misappropriations, Breaud has

2    been unjustly enriched in an amount according to proof in excess of the jurisdictional minimum.

3        41.    Lionsgate is informed and believes that the aforementioned acts of defendants

4    were willful and malicious in that Breaud acted with the deliberate intent to injure Lionsgates'

5    business and for her own financial benefit.  Lionsgate is therefore entitled to punitive damages

6    and to reasonable attorneys' fees.

7        42.    Defendants' wrongful conduct, unless and until enjoined and restrained by order of

8    this court, will cause great and irreparable injury to plaintiff's business in that plaintiff's trade

9    secrets are essential to its continued operation as a business such that it may be forced out of

10   business before this action can be brought to trial.

11       43.    Plaintiff has no adequate remedy at law for the injuries it has already suffered and

12   which are threatened in defendant will continue to misappropriate Lionsgates' trade secrets, and

13   plaintiff would be required to maintain a multiplicity of judicial proceedings to protect its

14   interests.

15       WHEREFOR, Plaintiff seeks relief as set forth below.

16                          **SEVENTH CAUSE OF ACTION**
                   **(Common Law Misappropriation Of Trade Secrets)**

17       44.    Plaintiff hereby incorporates paragraphs 1 through 43 as though fully set forth

18   herein.

19       45.    As a term of her work for Lionsgate, Breaud created trade secrets, including

20   information relating to certain herbal ingredients that can be used to achieve particular results in

21   skin care products, where and how to extract such ingredients, and how to incorporate such

22   ingredients into commercial skin care products.  Pursuant to the parties' agreement and

23   controlling law, all such trade secrets created in the course of Breaud's work for Lionsgate (and

24   using Lionsgate resources) are the exclusive property of Lionsgate.

25       46.    Breaud also agreed that in return for Lionsgate paying her salary and funding her

26   work, Breaud transferred ownership of existing trade secrets developed and maintained as

27   confidential by Breadu, including but not limited to confidential lists of the sources for the herbal

28

- 8 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1 ingredients and of customers who had stated that would purchase large quantities of skin care

2 products developed using such ingredients.

3     47.    In addition to the trade secrets she developed on behalf of Lionsgate and assigned

4 to it, Breaud also, during the course of her employment, came into contact with other trade secrets

5 developed and owned by Lionsgate without Breaud's involvement, including but not limited to

6 the formulas for commercial skin care products previously developed by Lionsgate.

7     48.    All of the trade secrets described above have economic value in that their use

8 allows for the creation and sale of unique skin care products that achieve unique results, for which

9 consumers are willing to substantial prices. Plaintiff took reasonable steps to ensure that all of its

10 trade secrets remained confidential, including limiting disclosure of the trade secrets to employees

11 of Lionsgate and requiring Breaud to orally agree that she would keep all such trade secrets

12 confidential and that she would only use such trade secrets at the direction of Lionsgate and for its

13 benefit.

14     49.    On or about December 3, 2010, Breaud terminated and repudiated her agreement

15 with Lionsgate. Although Lionsgate demanded that Breaud return all of Lionsgate's trade secrets

16 and all documents containing such trade secrets, Breaud has failed and refused to do so and has

17 retained possession of Lionsgates' trade secrets. In so doing, Breaud has misappropriated

18 Lionsgates' trade secrets. Breaud has threatened to use Lionsgates' trade secrets for her own

19 benefit or to sell them to Lionsgates' competitors.

20     50.    As a direct and proximate result of Breaud's misappropriations, Lionsgate has

21 suffered actual damages in an amount according to proof, in excess of the jurisdictional

22 minimum. As a further direct and proximate result of Breaud's misappropriations, Breaud has

23 been unjustly enriched in an amount according to proof in excess of the jurisdictional minimum.

24     51.    Lionsgate is informed and believes that the aforementioned acts of defendants

25 were willful and malicious in that Breaud acted with the deliberate intent to injure Lionsgates'

26 business and for her own financial benefit. Lionsgate is therefore entitled to punitive damages

27 and to reasonable attorneys' fees.

28     WHEREFOR, Plaintiff seeks relief as set forth below.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 9 -

1

2

## EIGHTH CAUSE OF ACTION
### (Conversion)

52.     Plaintiff hereby incorporates paragraphs 1 through 51 as though fully set forth herein.

53.     Plaintiff states this cause of action in the alternative to the Sixth and Seventh Causes of Action, if the Court determines that the information and materials at issue herein are not trade secrets.

54.     At all times herein mentioned, plaintiff was, and still is, entitled to ownership of the information and materials described herein, including but not limited to information regarding the unique sources for certain herbal ingredients, information regarding how to extract such ingredients from the plant(s), information regarding how to incorporate such ingredients into commercial skin care products and a confidential list of customers who have expressed interest in purchasing skin care products based on such ingredients. Such materials and information had and continue to have substantial commercial value according to proof.

55.     On or about December 3, 2010, defendant terminated her contractual relationship with Lionsgate, but refused to return to Lionsgate the property described above. Breaud continues to improperly retain possession of such property, despite Lionsgates' request that she return all such property.

56.     As a direct and proximate result of Breaud's conversion, Plaintiff has suffered damages in an amount according to proof in excess of the jurisdictional minimum, including time and money expended in pursuit of the converted property.

57.     Breaud's conduct as set forth above was willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud and therefore justify the awarding of exemplary and punitive damages.

WHEREFOR, Plaintiff seeks relief as set forth below.

## NINTH CAUSE OF ACTION
### (Declaratory Relief)

58.     Plaintiff hereby incorporates paragraphs 1 through 57 as though fully set forth herein.

- 10 -

7929\002\1688065.1

1      59.     An actual controversy has arisen and currently exists in that Lionsgate contends

2 that it is the exclusive owner of all of the information and materials relating to herbal ingredients

3 for skin care products described herein. Breaud disputes this contention and instead contends that

4 she is the sole owner of such information and materials.

5      60.     Plaintiff seeks a declaration as to these matters from the court so that the parties

6 may know their respective rights and obligations.

7 **JURY DEMAND**

8      61.     Plaintiff hereby demands a trial by jury.

9      WHEREFOR, Plaintiff seeks relief as follows:

10 **PRAYER**

11      1.     Specific performance;

12      2.     Damages in an amount according to proof;

13      3.     Rescission and restitution;

14      4.     Attorneys' fees and costs;

15      5.     Pre and postjudgment interest;

16      6.     A preliminary and permanent injunction prohibiting Defendants or anyone acting

17 in concert with them from further misappropriating Plaintiff's trade secrets, and requiring

18 Defendants to return to Plaintiff all of Plaintiff's trade secrets;

19      7.     Punitive damages; and

20      8.     Such other relief, in equity or law, which the Court deems appropriate.

21 DATED:     December _3, 2010          SHARTSIS FRIESE LLP

22

23                                   By:

24                                       RICHARD F. MUNZINGER

25                                 Attorneys for Plaintiff
                                LIONSGATE

26

27

28

- 11 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111